**NIEDWESKE BARBER**
By: Peter J. Heck, Esq.
140 Broadway; 46th Floor
New York, New York 10005
www.**N-B**Law.com
(212) 208-1496
fax: (212) 858-7750
pheck@**N-B**Law.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ | |
| **MD KABIR, on behalf of himself** ) | |
| **and others similarly situated,** ) | |
| ) | **Case No. 08 CIV 4330 (CM)(DFE)** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ANSWER AND AFFIRMATIVE** |
| ) | **DEFENSES** |
| **581 5th AVE GIFTS LLC, d/b/a** ) | |
| **PHANTOM OF BROADWAY** ) | **Document Electronically Filed** |
| _____) | |

581 5th Ave Gifts, LLC d/b/a Phantom of Broadway ("Phantom" or "Defendant"),

through its attorneys, Niedweske Barber, LLC, by way of answer and affirmative

defenses to the Complaint filed by MD Kabir, on behalf of himself and others similarly

situated, as follows:

**INTRODUCTION**

1.  Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2.  Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.  Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4.  Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

5.    Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and leaves Plaintiff to his proofs.

6.    Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendant denies that the work performed by Plaintiff was "directly essential" as alleged in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.    Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint and leaves Plaintiff to his proofs.

## STATEMENT OF FACTS

15.    Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 21 of the Complaint and leaves Plaintiff to his proofs.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22.     Defendant restates its answers set forth in Paragraphs 1 through 21 above in response to Paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 26 of the Complaint and leaves Plaintiff to his proofs.

27.     Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant admits that it maintains records of its employees hours worked and compensation paid as alleged in Paragraph 32 of the Complaint.  Except as so admitted, Defendant has insufficient information to admit or deny the remaining allegations.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39.     Defendant restates its answers set forth in Paragraphs 1 through 38 above in response to Paragraph 39 of the Complaint.

40.     Defendant admits the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

**WHEREFORE,** Defendant, Phantom, demands judgment against the Plaintiff dismissing the Complaint in its entirety, together with costs of suit, attorneys' fees, and such other relief as the Court may deem just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff received all monies to which he was entitled under both Federal and State Wage and Hour Laws.

### THIRD AFFIRMATIVE DEFENSE

Defendant, at all times relevant to the Complaint, acted appropriately under law. Defendant reserves the right to move at or before the time of trial for dismissal of the Complaint against it in its entirety.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has no liability under the legal theories and/or the factual allegations asserted by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not proximately cause Plaintiff to sustain any actionable damages.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any actionable damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury or damage as a result of the alleged acts of the Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not guilty of any conduct that would merit an award of liquidated or punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this matter, Defendant acted in good faith and complied with all applicable laws, regulations and standards.

## TWELFTH AFFIRMATIVE DEFENSE

All actions of Defendant were reasonable, proper and legal.

## THIRTEENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are known to the Plaintiff to be frivolous and without any factual or legal basis whatsoever, and as such, said Complaint should be stricken as an improper pleading under F.R.C.P. 11.

## FOURTEENTH AFFIRMATIVE DEFENSE

The subject matter of the Complaint falls within the primary jurisdiction of state and federal administrative agencies.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to demonstrate that any injury he allegedly suffered was the result of a custom, practice or policy of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not and does not have a reasonable belief that any activity of Defendant violated a law, rule or regulation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable because it acted in good faith at all times.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

## REQUEST FOR STATEMENT OF THE AMOUNT OF DAMAGES CLAIMED

Defendant requests within ten (10) days of service of this Answer, a written statement of the amount of damages claimed by Plaintiff in each count of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Peter Heck, Esq. is hereby designated as trial attorney for Defendant Phantom.

**NIEDWESKE BARBER, LLC**

Dated: July 30, 2008                    By: s/ Peter J. Heck

140 Broadway; 46th Floor
New York, New York 10005
www.**N-B**Law.com
(212) 208-1496
fax: (212) 858-7750
pheck@**N-B**Law.com
*Attorneys for Defendants*

**Document Electronically Filed**

## **CERTIFICATION OF FILING**

The undersigned certifies that the Answer to the Complaint on behalf of

Defendant Phantom has been filed and served electronically.


**NIEDWESKE BARBER, LLC**

Dated: <u>July 30, 2008</u>          By:  <u>s/ Peter J. Heck</u>

                    140 Broadway; 46th Floor
                    New York, New York 10005
                    www.**N-B**Law.com
                    (212) 208-1496
                    fax: (212) 858-7750
                    pheck@**N-B**Law.com
                    *Attorneys for Defendants*

                    **Document Electronically Filed**